1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| MICHAEL PAUL GRADNEY, | CASE NO. C15-0623JLR |
|---|---|
| Petitioner, | ORDER DENYING PETITIONER'S MOTION |
| v. | UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

15

## I.   INTRODUCTION

16   This matter comes before the court on Petitioner Michael Paul Gradney's motion

17   to vacate, set aside, or correct his sentence. (Mot. (Dkt. # 1).)  Mr. Gradney, proceeding

18   *pro se*, brings his motion pursuant to 28 U.S.C. § 2255.  (*See id.*; Dkt.)  Respondent

19   United States of America ("the government") opposes the motion.  (Resp. (Dkt. # 17).)

20   Having considered Mr. Gradney's motion, the documents filed in support thereof and

21   opposition thereto, the balance of the record, and the relevant law, the court DENIES Mr.

22   Gradney's motion.

ORDER- 1

1

## II.   BACKGROUND

2   On December 17, 2012, a jury convicted Mr. Gradney of firearm and drug

3   trafficking charges. *United States v. Gradney*, No. CR11-0363JLR (W.D. Wash. 2013)

4   (hereinafter, *Gradney I*), Dkt. # 123.  The trial lasted six days. *Id.*, Dkt. ## 115-27.  On

5   April 1, 2013, the court sentenced Mr. Gradney to 180 months of imprisonment followed

6   by five years of supervised release. *Id.*, Dkt. # 133.  Mr. Gradney appealed his conviction

7   to the Ninth Circuit Court of Appeals, which affirmed the jury verdict. *Id.*, Dkt. ## 136,

8   173.  Mr. Gradney filed the instant Section 2255[1] motion on April 14, 2015. *Id.*, Dkt.

9   # 175; (Mot. at 1.)

10   In addition to his motion, Mr. Gradney submitted a supplement, which purports to

11   add grounds for relief not contained in his motion. (*See* Supp. (Dkt. # 9).)  The court

12   liberally construes the motion and supplement to cumulatively argue five grounds for

13   relief:

14   - Ineffective assistance of trial counsel (*see* Mot. at 4-5; *see also* Gradney Decl.

15     (Dkt. # 2) ¶¶ 6-13; Reply (Dkt. # 24) at 10-12, 15-17);

16   - Violation of the right to confrontation (*see* Mot. at 5-6; Reply at 12-14);

17   - Ineffective assistance of appellate counsel (*see* Mot. at 7-8);

18   - Post-trial conduct by trial counsel (*see* Mot. at 8-9; Reply at 20, 28); and

19

20   [1] "A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed in violation of

21   the Constitution or laws of the United States, or that the court was without jurisdiction to impose
such sentence, or that the sentence was in excess of the maximum authorized by law, or is

22   otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence." 28 U.S.C. § 2255(a).

1     • Failure to challenge statements from the state investigation (*see* Supp. at 2-8;

2         Reply at 28-32).

3 The court analyzes each of these contentions in turn.  In its analysis, the court provides

4 more specific factual detail as relevant to each purported basis for Mr. Gradney's

5 requested relief.

6                     **III.   ANALYSIS**

7 **A.   Evidentiary Hearing**

8       As a preliminary matter, the court determines that an evidentiary hearing on this

9 matter is unnecessary.  Under Section 2255, the court must hold an evidentiary hearing

10 unless "the motion and the files and records of the case conclusively show that the

11 prisoner is entitled to no relief."  28 U.S.C. § 2255; *see Frazer v. United States*, 18 F.3d

12 778, 781 (9th Cir. 1994).  However, "[n]o hearing is required if the allegations, viewed

13 against the record, either fail to state a claim for relief or are so palpably incredible or

14 patently frivolous as to warrant summary dismissal."  *Shah v. United States*, 878 F.2d

15 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted).  Here, the record is a

16 sufficient basis on which to judge Mr. Gradney's allegations.  Accordingly, the court

17 exercises its discretion not to hold an evidentiary hearing.  *See id.*

18 **B.   The *Strickland* Standard**

19       Mr. Gradney's ineffective assistance of counsel claims are controlled by

20 *Strickland v. Washington*, 466 U.S. 668 (1984).  To show ineffective assistance under

21 *Strickland*, a defendant must prove that (1) "counsel's representation fell below an

22 objective standard of reasonableness," and (2) there "is a reasonable probability that, but

ORDER- 3

1   for counsel's unprofessional errors, the result of the proceeding would have been

2   different." *Id.* at 688, 694.

3          With respect to the first prong, the defendant must show that "in light of all the

4   circumstances, the identified acts or omissions were outside the wide range of

5   professionally competent assistance." *Id.* at 690.  At this step, judicial scrutiny is highly

6   deferential:  there is a strong presumption that counsel's performance fell within the wide

7   range of reasonably effective assistance.[2] *Id.* at 689.  With respect to the second prong,

8   "[a] reasonable probability is a probability sufficient to undermine confidence in the

9   outcome." *Id.* at 694.

10         Having laid out the framework that applies to the majority of Mr. Gradney's

11  arguments, the court turns to the bases for Mr. Gradney's motion.

12  **C.     Ineffective Assistance of Trial Counsel**

13         In his criminal case, Mr. Gradney repeatedly objected to the DNA evidence related

14  to the firearm at issue.  Mr. Gradney contends that the police contaminated the evidence

15  during their search.  (Mot. at 4-4a.)  In his current motion, Mr. Gradney argues that his

16  trial counsel, Gabriel Levy, provided ineffective assistance by failing to move to suppress

17  the contaminated evidence.  (*Id.*; *see also* Gradney Decl. ¶ 6 (making the same argument

18  as to Mr. Gradney's subsequent trial counsel, Stephan Illa).)  However, Mr. Gradney's

19  _____

20        [2] That deference is further enhanced as applied to the performance of appellate counsel.
    *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("In many instances, appellate counsel

21  will fail to raise an issue because she foresees little or no likelihood of success on that issue;
    indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of

22  effective appellate advocacy."); *see also Pollard v. White*, 119 F.3d 1430, 1435-37 (9th Cir.
    1997) (extending the *Strickland* framework to claims pertaining to appellate counsel).

ORDER- 4

1    counsel did file a motion to suppress that evidence, and the court denied that motion.[3]

2    *See Gradney I*, Dkt. ## 18, 38.  There was no deficient performance on this ground.

3         Mr. Gradney alternatively argues that Mr. Levy provided ineffective assistance of

4    counsel by failing to move to exclude the DNA evidence on the basis that the defense

5    was not provided a sufficient sample.  (Mot. at 4a; *see also* Reply at 10-12; Gradney

6    Decl. ¶ 4.)  The record, however, demonstrates that the court provided both sides the

7    maximum opportunity to develop their DNA evidence by continuing the trial, *Gradney I*,

8    Dkt. # 54, and holding evidentiary hearing, *id.*, Dkt. ## 55, 57-58.  Moreover, as Mr.

9    Gradney acknowledges, Mr. Levy hired an expert to observe the DNA analysis, and the

10   expert informed Mr. Levy that he "believed the results were valid."  (Reply at 12; *see*

11   *also* Resp. Ex. 2 ("Levy Decl.") (Dkt. # 17-1) ¶¶ 4-6.)  Mr. Levy's decision not to further

12   challenge the DNA evidence falls within the wide range of reasonably effective

13   assistance, and thus the court rejects this ground for ineffective assistance of trial counsel.

14   *See Strickland*, 466 U.S. at 689-90.

15        Finally, Mr. Gradney includes in his declaration several further allegations that

16   could amount to ineffective assistance.  (*See* Gradney Decl. ¶¶ 9-13.)  However, the

17   record belies these allegations.  Mr. Gradney states that Mr. Illa told Mr. Gradney that he

18   "would not be able to file any pre-trial motions" (*id.* ¶ 9) and that Mr. Illa "assured" Mr.

19   Gradney that he would win at trial (*id.* ¶ 13).  To the contrary, Mr. Illa filed a series of

20   pretrial motions in Mr. Gradney's criminal trial.  *See Gradney I*, Dkt. ## 72-77.  Mr.

21   _____

22        [3] The motion was filed by Michael Martin, who preceded Mr. Levy as Mr. Gradney's
     trial counsel.  *See Gradney I*, Dkt. # 18.

1  Illa's records confirm that he fully explained to Mr. Gradney why he opted to file some

2  but not all of the pretrial motions that Mr. Gradney sought. (Resp. Ex. 7 (Dkt. # 17-1) at

3  1-2.)  In addition, Mr. Illa sent a letter to Mr. Gradney on August 22, 2012, in which Mr.

4  Illa indicated "that it is highly likely" that Mr. Gradney would be convicted if he

5  proceeded to trial. (Resp. Ex. 6 (Dkt. # 17-1) at 1.)  These records belie Mr. Gradney's

6  arguments, and the court concludes Mr. Illa did not perform deficiently.

7  **D.    Violation of the Right to Confrontation**

8          Mr. Gradney next argues that his Sixth Amendment right to confront witnesses

9  was violated at trial. (Mot. at 5-5a.)  Specifically, he points to testimony about several

10  confidential informants who themselves did not testify during trial. (*Id.*)  In response, the

11  government provides evidence that the prosecution provided information about those

12  informants to Mr. Illa in advance of trial. (Resp. at 6; Resp. Ex. 3 ("Illa Decl.") (Dkt.

13  # 17-1) ¶¶ 5.1.1.-5.1.2.; Resp. Ex. 4 (Dkt. # 17-1).)  In reply, Mr. Gradney changes his

14  argument to contend that Mr. Illa provided ineffective assistance by failing to object to

15  hearsay testimony about those witnesses. (Reply at 13-14; *see also* Mot. at 5a.)

16          Mr. Illa confirms that he made repeated objections to out-of-court statements at

17  trial. (Illa Decl. ¶¶ 5.2-5.4.)  The court sustained some of those objections and others

18  resulted in a different question being asked. (*Id.* ¶ 5.4.)  Mr. Illa further indicates, with

19  citation to the trial transcript, that "the prosecution appeared to be careful not to elicit

20  inadmissible statements by the informants." (*Id.* ¶ 5.3.)  It is clear from the record that

21  there was no violation of Mr. Gradney's right to confront witnesses, nor was trial counsel

22  ineffective by failing to object to hearsay.

**E.      Ineffective Assistance of Appellate Counsel**

Mr. Gradney's third ground for relief is that his appellate counsel failed to "move to preserve the DNA evidence." (Mot. at 7.)  However, the testing performed in advance of trial entirely consumed that DNA evidence. (Levy Decl. ¶ 7.)  Mr. Gradney does not identify any other "biological evidence" (Mot. at 7), and he apparently abandons this ground for relief in his rely (*see generally* Reply).  The court therefore rejects Mr. Gradney's claim for ineffective assistance of appellate counsel.

**F.      Post-Trial Conduct by Trial Counsel**

Mr. Gradney next faults Mr. Illa for "[f]ailure to claim ownership, file a Motion to Return Real Property, and challenge forfeiture" of Mr. Gradney's property. (Mot. at 8.)  However, as Mr. Gradney "categorically understands," the "forfeiture argument are not grounds seeking to overturn his conviction and sentence byway of subsection 2255 claim." (Reply at 18.)  Furthermore, Mr. Illa explained to Mr. Gradney the reasons for Mr. Illa's decision not to "challenge forfeiture," which included strategic purposes specific to Mr. Gradney's criminal defense. (Illa Decl. ¶¶ 6.1-6.4.)  Mr. Gradney apparently does not accept those reasons, and he faults his appointed counsel for not taking steps to act in a separate but related state civil proceeding.  As Mr. Gradney recognizes, this ground does not suffice to support a Section 2255 claim.

Mr. Gradney also replied with a new argument that the government created the conflict of interest that required his first counsel, Mr. Martin, to withdraw from

//

//

1  representation.[4] (Reply at 19-27.) The facts belie this argument. Mr. Martin moved to

2  withdraw from representing Mr. Gradney in the criminal proceeding when Mr. Martin

3  learned that the government might call Mr. Martin to testify at Mr. Gradney's trial.

4  *Gradney I*, Dkt. # 40 at 2. This situation arose when the government informed Mr.

5  Martin that it intended to introduce into evidence a letter drafted by Mr. Martin, in which

6  Mr. Gradney sought to reclaim the money that officers found in the same drawer as the

7  offending firearms and ammunition. *Id.* The alleged factual basis underlying this ground

8  for relief is therefore inaccurate, and the court therefore rejects this ground for Mr.

9  Gradney's Section 2255 claim.

10 **G.     Failure to Challenge Statements from the State Investigation**

11         Mr. Gradney's fifth ground for Section 2255 relief is contained in his

12 "supplemental issue." (*See* Supp.) Mr. Gradney appears to challenge the use of evidence

13 in his federal prosecution that was obtained in a state investigation. (*See id.* at 3.) At no

14 point does Mr. Gradney describe deficient performance by his counsel. (*See generally*

15 *id.*) Indeed, counsel filed a motion to suppress evidence obtained in the search, and the

16 court denied that motion. *Gradney I*, Dkt. ## 18, 38. The Ninth Circuit affirmed the

17 court's ruling on the motion to suppress. *Id.*, Dkt. # 170. Mr. Gradney therefore raised

18 or could have raised any of the constitutional violations that he alleges in his direct

19 appeal to the Ninth Circuit. Those arguments that he actually raised cannot be raised

20 _____

21      [4] The court also rejects this argument because it was raised for the first time in Mr.
    Gradney's reply. *See, e.g.*, *F.T. Travel—N.Y., LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d
22  1063, 1079 (C.D. Cal. 2015) (collecting cases declining "to consider arguments that are raised
    for the first time in reply").

1  herein, and those that he could have raised can only be properly raised herein after a

2  showing of cause and actual prejudice for failure to raise them in his direct appeal. *See*

3  *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999); *Odom v. United States*, 455

4  F.2d 159, 160 (9th Cir.1972) ("The law in this circuit is clear that when a matter has been

5  decided adversely on appeal from a conviction, it cannot be litigated again on a 2255

6  motion."); *Bousley v. United States*, 523 U.S. 614, 622 (1998).  To the extent his

7  arguments could have been raised, but were not, on direct appeal, Mr. Gradney makes no

8  effort to establish cause or prejudice for that failure.  (*See generally* Supp.; Reply.)  The

9  court therefore rejects this argument.

10                      **IV.    CONCLUSION**

11         The court has liberally construed Mr. Gradney's motion and rejected all of the

12  bases that Mr. Gradney argued entitle him to relief.  For the reasons stated herein, the

13  court DENIES Mr. Gradney's motion under 28 U.S.C. § 2255 (Dkt. ## 1, 9).

14         Dated this 14ᵗʰ day of April, 2016.

15

16                                    JAMES L. ROBART
17                                    United States District Judge

18

19

20

21

22